## No. 460
## KATZ v. U. S. LLOYDS

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4950. Decided April 11, 1924

For Pending Cases, Supreme Court, see 2 Abs., 391.

647. INSURANCE—Insurance company liable in case of theft of car by a casual employe.

LEVINE, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Katz engaged Wiggins to wash and polish his automobile in Katz's garage. Before starting any work on the car, Wiggins drove it away without the owner's consent and while so driving wrecked the car. Katz brought this action against the insurance company under a policy by which he was insured against theft. The policy contained a provision excepting theft by any person in the assured's service or employment, whether such theft occurred during the hours of such service or employment or not. The Cleveland Municipal Court at the trial directed a verdict in favor of the insurance company. The Court of Appeals reversed the judgment and remanded the case, holding:

1. There was some evidence tending to show that Wiggins was not in Katz's employment at the time he drove the machine away, and also some evidence that he drove the machine away with fraudulent intention of depriving the owner of it. The trial court exceeded its power in withdrawing the questions from the jury and deciding questions of fact as if they were questions of law.

Attorneys—Gentsch, Rawson & Kavanagh, for Katz; Quigley & Byrnes, for United States Lloyds; all of Cleveland.

---

## No. 461
## YOUNG v. SNOW

Ohio Appeals, 5th Dist., Knox County
No. 185. Decided Oct. 25, 1923

1245. VERDICT—Compromise verdict will be sustained by reviewing court when there is no evidence of passion or prejudice or wanton wrong.

HOUCK, J.          Epitomized Opinion

Published Only in Ohio Law Abstract

Ornginal action in the Knox Common Pleas where Snow sued Young for $840.15 due for installing a heating plant in Young's garage. Young filed a complete denial to the petition and also a counter claim alleging that Snow installed a heating plant, but it was so faulty in construction that Young was compelled to re-build his garage to secure proper radiation and claiming damages of $600. Snow replied that the counterclaim concerned a former installation at the completion of which a new and second contract was made whereby Young employed Snow to rebuild the heating plant and this second work of construction was the foundation of this suit. The jury returned a verdict for Snow for $401.59, and judgment being rendered thereon, Young prosecuted errer contending, among other things, that the verdict was not responsive to the evidence and that Snow was entitled to recover the full amount sued for or not at all. Held by the Court of Appeals:

The verdict was evidently a compromise verdict, yet in the light of the pleadings and the facts and the sharp conflict of testimony in the case, this court is unable to say that the jury was wrong. There is no evidence of passion, or prejudice or of wanton wrong and the judgment is affirmed.

Attorneys—B. E. Sapp and Robert L. Carr, for Young; F. O. Levering, for Snow; all of Mt. Vernon.